SHOUP v. SABIN et al.

(First Division.  Juneau.  April 25, 1906.)

No. 381A.

1. INDEMNITY (§ 9*)—BONDS—CONSTRUCTION—UNDERTAKING.

 A surety on an indemnity bond is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor, and is not to be extended by implication or inference beyond the fair scope of its terms.

 [Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig. § 9.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

**2. INDEMNITY (§ 15*)—ACTION ON BOND—JUDGMENT—SURETIES.**

> In a suit on an indemnity bond, a several judgment may be rendered against the sureties, though the principal has not been served.

> [Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.*]

Plaintiff brings this action against the principal and sureties on a certain indemnity bond, to recover moneys which he was obliged to pay by reason of·a levy and sale made by him as United States marshal, under a judgment in favor of R. L. Sabin, the principal on said bond and one of the defendants herein. No service was had on the defendant Sabin, but the action was pressed against the other defendants, who were the sureties on the bond. The action results from a number of creditors' actions against one Joseph Levy, in which judgments were obtained in the year 1898. The stock of goods of the said Levy was attached, and a portion of the goods was sold by this plaintiff, the United States marshal, to satisfy certain of those judgments. At the time the stock was taken into the custody of the marshal, one Antone Marks made a claim thereto. Marks instituted an action in this court to recover the goods. In this court the marshal succeeded; but Marks appealed, and the judgment was reversed by the United States Supreme Court (181 U. S. 562, 21 Sup. Ct. 724, 45 L. Ed. 1002), on the ground that the attachments and levies were void. Marks subsequently obtained a judgment against Shoup, and Shoup paid it.

Soon after the first trial of the case of Marks v. Shoup, one R. L. Sabin, one of these defendants, obtained a judgment for a considerable sum against Levy. At this time there was still in the custody of the marshal, held under the original process, a portion of the Levy stock. Sabin's attorneys caused an execution to be issued, and requested the marshal to sell the remainder of the goods thereunder. This the marshal refused

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

to do, unless an indemnity bond should be furnished, calling the judgment creditors' attention to the claim of Marks. The bond was furnished, the goods were sold, and the proceeds applied on Sabin's judgment. Thereafter, when Marks finally obtained his judgment, which Shoup was compelled to pay, a demand was made upon Sabin and his bondsmen to pay the proportion of Sabin. This was never paid, and Marshal Shoup brings this action upon the bond to recover $965.45, the moneys which he was compelled to pay by reason of the Sabin execution sale. From this amount it is conceded that the sum of $258 should be deducted, for the reason that such amount was the proceeds of certain boxes of boots and shoes to which Marks made no claim, and which were not included in the Marks v. Shoup judgment. Hence the sum involved is $707.45.

The bond upon which the defendants are sued is as follows:

"Know all men by these presents, that R. L. Sabin, as principal, and Emery Valentine and Samuel Blum, as sureties, are held and firmly bound unto James M. Shoup, the United States marshal for the district of Alaska, for the sum of $2,500.00, for the payment of which, well and truly to be paid, we bind ourselves, our heirs, administrators, and assigns, firmly by these presents.

"Dated this 18th day of November, A. D. 1898.

"The condition of the above obligation is such that, whereas, on the 15th day of November, 1898, R. L. Sabin recovered judgment against Joseph Levy for the sum of twenty-two hundred eighty-seven and $85/100$ dollars; and whereas, an execution was issued upon said judgment, and the marshal aforesaid did levy upon certain goods and chattels, alleged to belong to the said Joseph Levy, but claimed by other persons:

"Now, therefore, if the said R. L. Sabin, Emery Valentine, and Samuel Blum shall protect the said United States marshal as aforesaid in the sale of said goods and chattels against all damages, suits, and costs arising thereon, then this obligation to be null and void; otherwise, to remain in full force and effect.

"In witness whereof, we have hereunto set our hands and seals this 18th day of November, 1898.          [Signed]   Emery Valentine.
                                        "Samuel Blum."

Plaintiff contends that the bond was executed with a full knowledge of the situation at the time, and was required by and given to him to indemnify him in the event of just such a contingency as actually arose here, and, that being true, defendants must reimburse him for the sum which he was compelled to pay Marks by reason of the Sabin judgment, execution, and sale.

Defendant's position is, first, that the bond was given to protect the officer in the event that an action should be brought upon the Sabin levy and sale; that no such action was brought; that the judgment which plaintiff paid, and for which he now demands reimbursement, was commenced long prior to the Sabin levy and sale; that they were never called upon to defend that or any other action, and therefore cannot now be charged with this amount; second, that, even if this were not true, the sale from Levy to Marks was in fraud of creditors and void as to them; third, that, had the marshal pleaded this in justification of the original levies, Marks could not have recovered; and, fourth, that failure to so plead was such negligence on the part of this plaintiff that these bondsmen cannot now be held liable therefor.

The following is a brief summary of the facts as disclosed by the evidence:

The stock of goods in Levy's store was attached by the marshal under execution in the cases of Powers Dry Goods Co. v. Levy. A portion of this stock was sold under those executions. A portion remained in the marshal's custody after these sales. Antone Marks claimed to own the stock by virtue of a sale from Levy to him, and under this claim commenced an action against Marshal Shoup. Marshal Shoup was successful in the lower court, but the case was appealed by Marks. On November 18, 1898, after the first trial of Marks v. Shoup, Sabin, one of these defendants, sought to have the marshal sell the portion of the stock remaining in his custody to satisfy

the Sabin judgment. The marshal refused to do as Sabin requested until he should be indemnified by a bond, giving as the reason for such refusal the claim made to the goods by Marks. The bond was thereupon given, with a full knowledge and understanding of the situation and purposes for which it was required. Thereupon the remaining portion of the stock was sold, and the proceeds of the sale were duly applied upon the Sabin judgment. Thereafter the judgment in the case of Marks v. Shoup was reversed by the Supreme Court of the United States. Marshal Shoup thereupon notified Sabin's attorney that, should Marks recover, he would hold Sabin for his pro rata. Marks eventually obtained judgment against Shoup; the judgment being rendered upon the ruling of the Supreme Court in Marks v. Shoup, 181 U. S. 562, 21 Sup. Ct. 724, 45 L. Ed. 1002, that the levies in Powers Dry Goods Co. v. Levy, and West Coast Grocery Co. v. Levy were improperly made, and hence void. That judgment included, among other things, the sum realized on the Sabin sale, less the sum of $258, the value of certain boxes of boots and shoes not claimed by Marks. Ex parte Marks, 136 Fed. 168, 69 C. C. A. 80. Shoup paid the Marks judgment, and duly made demand upon Sabin and his bondsmen for restitution by them of their proportion.

L. P. Shackleford and Thomas R. Lyons, for plaintiff.

Maloney & Cobb, for defendants.

GUNNISON, District Judge. The courts are by no means unanimous as to the proper rule of construction to be applied in the interpretation of the obligation of a surety on an indemnity bond. The weight of authority, however, seems to be on the side of a strict reading of the contract. The rule thus supported is well stated in 27 Am. & Eng. Ency. of Law (2d Ed.) 441, as follows:

"A surety is entitled to stand upon the letter of his contract, and his undertaking is to be construed strictly in his favor, and is not to be extended by implication or inference beyond the fair scope of its terms."

See, also, Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189; Leggett v. Humphreys, 21 How. 66, 16 L. Ed. 50. The court in U. S. v. Cushman, Fed. Cas. No. 14,908, says:

"Nothing will be presumed beyond that which is substantiated by the positive facts presented."

Applying to the bond in this case the canons of interpretation to which we have alluded, what do we find? The evidence discloses the goods in the possession of the marshal, claimed by a third person, who presses his claim by suit. This defendant had obtained a judgment against the one from whom the marshal believed he had taken the goods. This defendant seeks to have the goods sold to satisfy his judgment. The marshal states to him the status of the goods, and refuses to proceed to make further disposition of them unless he shall be indemnified for possible liability that may arise from such action. The defendant, being informed of the situation, still insists on the sale of the goods to satisfy his judgment, and, in order to have his wish complied with, he, with these sureties, executed this bond. Is the bond phrased as the ordinary indemnity bond of this character? No. The bond recites that the goods and chattels are "alleged to belong to the said Joseph Levy, but claimed by other persons"—a clear recital of the status of the goods. Following this recognition of existing conditions, they agree, not in the ordinary phrases of such a bond, but that:

"If the said R. L. Sabin, Emery Valentine, and Samuel Blum shall protect the said United States marshal as aforesaid in the sale of said goods and chattels against all damages, suits, and costs arising thereon. * * *"

Clearly that bond was intended to indemnify the marshal against any and all damages arising from the sale under the Sabin judgment. Nothing need be presumed here. The facts, evidence, and the very letter of the bond indicate beyond peradventure the intention of the parties to protect the marshal, should such conditions arise as have arisen. The position assumed by the defendants is, in the light of the foregoing, untenable.

The second, third, and fourth contentions of defendants lead at once into a realm of speculation and conjecture, whither the court will not follow. Whether or not the sale from Levy to Marks was void as in fraud of creditors may not be determined in this litigation. This court has heretofore, by its solemn judgment, determined that the levies by which Marshal Shoup took these goods were void, and decreed that Marks should be repaid by Marshal Shoup the value of the goods attached and sold thereunder. The judgment paid by this plaintiff was partially based upon the value of the goods sold on the Sabin levy and sale, by which Sabin profited. Under the facts and the bond, there is for defendants no escape from their liability.

Defendants urge, upon the question of the character of the judgment, that the bond sued upon is joint, and could only support a joint judgment. The Alaska Code of Civil Procedure (section 51, subd. 1) does not sustain defendants' contention. It is there provided that:

"When the action is against two or more defendants and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows:

"First, if the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served; * * * and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as it may be enforced against the joint property of all and the separate property of the defendants served. * * *"

Clearly the statute contemplates the entry of several judgments in actions of this character, and the plaintiff is entitled thereto.

Let judgment be entered accordingly.